IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| CHARLA R. SMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3101 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Charla R. Smith's Petition for Fees and Other Expenses Pursuant to the Equal Access to Justice Act (EAJA) (d/e 21).  On January 17, 2002, Smith applied for supplemental security income benefits under the Social Security Act.  Smith alleged that she had become disabled and thus unable to work due to her lower back and hip pain, an affective disorder, and diabetes mellitus.  The Administrative Law Judge (ALJ) held a hearing in this case on January 6, 2004.  On September 10, 2004, the ALJ issued his decision denying Smith's application. The Commissioner's Appeal Council denied Smith's request for review on March 18, 2005.  Smith then sought judicial review with this

1

Court by appealing the denial of her application. Smith and Defendant Commissioner of Social Security (Commissioner) filed cross motions for summary judgment. In an Opinion dated March 24, 2006, this Court granted Smith's Motion for Summary Judgment and reversed the decision of the Commissioner and remanded the matter for further proceedings consistent with the Opinion. Smith now seeks an award of attorney's fees pursuant to the EAJA.

An award of attorney's fees under the EAJA is proper if the following factors are satisfied: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the claimant timely filed a fee application, which is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (b); Golembiewski v. Barnhart, 382 F.3d 721, 723-24 (7th Cir. 2004); United States v. Hallmark Construction Co., 200 F.3d 1076, 1079 (7th Cir. 2000). In the present case, it is undisputed that the Plaintiff is the prevailing party, the application was filed in a timely manner and supported by an itemized statement, and no special circumstances make an award unjust. The sole issue before the Court, therefore, is whether the government was substantially justified in its position.

In order to determine whether the government's position was substantially justified, this Court must examine the government's position in both the prelitigation and litigation contexts. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Id. (internal citations omitted).

"A position is substantially justified if it has a reasonable basis in law and fact." Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006). It is the government's burden to establish that its position was substantially justified. In doing so, the government must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." Id. (citing Golembiewski, 382 F.3d at 724; Hallmark, 200 F.3d at 1078-79; Sierra Club v. Secretary of Army, 820 F.2d 513, 517 (1st Cir. 1987)).

After having examined the Commissioner's position in both the prelitigation and litigation contexts, the Court finds that the Commissioner's position was substantially justified. This Court stated that

3

the ALJ's determination through Step 3 of the five-step Analysis was substantially supported by evidence. This Court, however, reversed the Commissioner's denial of Smith's application and remanded the case because the ALJ's reasoning at Steps 4 and 5 could not be tracked.

With respect to Step 4, this Court stated that in determining whether the Plaintiff was able to return to her prior work considering her residual functional capacity (RFC), the ALJ mischaracterized part of Plaintiff's testimony regarding her ability to cook and wash dishes. When the ALJ asked Smith at the hearing whether she cooked, Smith testified, "Not really." When the ALJ asked her what she meant, Smith responded, "Like if nobody is there, I'll make a sandwich . . . you know, or I'll open up a can of soup, throw it in the microwave. I used to cook all the time. I don't cook like I used to cook no more." Certified Record of Proceedings (d/e 11 & 12) (hereinafter R.), 423. When the ALJ asked Smith about washing dishes, she responded as follows: "I try not to. You know, I mean, I'll rinse out a glass if I have to." R., 424. In concluding that Smith was not fully credible because of the inconsistency between her testimony regarding her daily activities and her claim that she was unable to work due to her pain, the ALJ relied in part on his finding that Smith both cooked and

4

washed dishes. This Court noted that there was no testimony to support such findings. This Court noted that "Smith said that she did not cook; she occasionally made a sandwich or heated up a can of soup in a microwave. She further testified that she did not wash dishes; at best, she occasionally rinsed out a glass." Opinion dated March 24, 2006 (d/e 19) (Opinion) at 15. This Court, thus, remanded so that the ALJ could review his analysis of Smith's credibility since the ALJ's reliance on his characterization of Smith's testimony concerning her ability to cook and wash dishes was inconsistent with Smith's actual testimony.

The Commissioner argues that its prelitigation and litigation positions with respect to the ALJ's credibility assessment were substantially justified because the remand was based on articulation concerns, and cites Stein v. Sullivan for the proposition that a district court's remand based on articulation concerns does not justify an award of attorney's fees under the EAJA. See Stein, 966 F.2d 317 (7th Cir. 1992). The Court agrees. This Court only stated that the ALJ's characterization of Smith's daily activities was partly inconsistent with Smith's actual testimony. Based on Smith's testimony that she occasionally made a sandwich or heated up a can of soup in a microwave and that she occasionally rinsed out a glass, the ALJ

5

concluded that Smith was able to cook and wash dishes. Although this was a mischaracterization of Smith's testimony, the ALJ's credibility assessment of Smith was supported by other evidence in the record. In concluding that Smith was not credible regarding her stated inability to work, the ALJ also relied on Smith's testimony that she could fold laundry and could go grocery shopping. In making his determination, the ALJ also considered the fact that Smith raised two children and lived in an apartment where she had to go up 7 steps daily.

This is not a case where this Court remanded because the ALJ: (1) mischaracterized Smith's entire testimony concerning her daily activities, (2) completely failed to discuss Smith's credibility, (3) mischaracterized medical evidence, or (4) improperly relied on medical source opinions. See Golembiewski, 382 F.3d at 724 (finding that the government's position was not substantially justified because the ALJ mischaracterized medical evidence, failed to completely discuss claimant's credibility, and ignored material medical evidence). In the present case, there was other evidence in the record to support the ALJ's assessment of Smith's credibility. As such, the Commissioner's position as to the ALJ's credibility assessment had some basis.

With respect to Step 5, this Court noted that it "[could not] track how the ALJ incorporated Smith's psychological limitations into Smith's RFC." Opinion at 15. Stephen Vincent, Ph.D., a psychologist who had performed a psychological evaluation of Smith, found that Smith had slight limitations on her ability: (1) to understand and remember short, simple instructions; (2) to carry out short, simple instructions; (3) to interact with the public and with supervisors; (4) to interact appropriately with supervisors; and (5) to respond appropriately to work pressures in a usual work setting. He found that she had moderate limitations on her ability: (1) to understand and remember detailed instructions; (2) to carry out detailed instructions; (3) to make simple, work-related decisions; (4) to interact with co-workers; and (5) to respond to the changes in a routine work setting. This Court remanded because the ALJ failed to explain how he considered the above restrictions and incorporated them into his formulation of Smith's RFC.

In response, the Commissioner argued that the ALJ incorporated the psychological limitations into his analysis by limiting Smith to simple and repetitive tasks. This Court rejected that argument because the ALJ did not state that in his Decision. The Commissioner further argued that because

7

the slight and moderate limitations found by Dr. Vincent were not significant, the limitations themselves would not affect Smith's RFC. This Court again rejected that argument because the ALJ did not state that in his decision. This Court primarily faulted the ALJ for not articulating or explaining how he factored Smith's psychological limitations into Smith's RFC.

The Seventh Circuit has stated that "[t]he requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." Stein, 966 F.2d at 319. The failure to meet this requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified." Id. at 320. In the present case, as in Stein, the ALJ simply failed to explain how he considered Dr. Vincent's assessment of Smith's psychological limitations into her RFC. This Court did not fault the ALJ for failing to consider material evidence. Moreover, "[t]he lesson of the cases so far appears to be that an administrative law judge is free to formulate his mental residual functional capacity assessment in terms such as 'able to perform simple, routine, repetitive work'", provided that such conclusion is supported by the record evidence. Kusilek v. Barnhart, 2005 WL 567816, at *4 (W.D. Wis. 2005). Thus, the Commissioner was substantially

justified in arguing that the ALJ adequately considered Smith's psychological limitations in evaluating Smith's RFC by limiting Smith to simple and repetitive tasks. See id.

Smith, however, argues that the Commissioner's position was not substantially justified because the ALJ failed to follow the five-step sequential analysis, specifically failed to follow Steps 4 and 5, "or at the very least failed to articulate his findings as required by the rules." Plaintiff's Response to Defendant's Memorandum in Opposition to Plaintiff's Petition for Attorney's Fees under the EAJA (d/e 24) at 4.  In support of her position, Smith cites Rice v. Apfel contending that the facts of Rice are similar to those of this case. Rice, 16 F.Supp.2d 971 (N.D. Ill. 1998). Smith's reliance on Rice is misplaced.  In Rice, the Court found that the ALJ's decision was not substantially justified because the ALJ failed to comply with the mandate of SSR 83-20 requiring "*inter alia* that the ALJ should seek the services of a medical advisor where, as here, the claimant's onset date of disability must be inferred." Rice, 16 F.Supp.2d at 974. The Court further held that the government's position was not substantially justified because the Appeals Council failed to consider material evidence that could have resulted in a different conclusion by the ALJ. Id.

9

The present case is distinguishable from Rice.  This Court did not fault the ALJ for failing to seek the services of a medical advisor to determine the claimant's inferred onset date of disability.  Nor did this Court fault the Appeals Council for failing to consider material medical evidence that could have changed the outcome of the case.  This Court simply concluded that the ALJ mischaracterized part of Plaintiff's testimony and that he failed to articulate whether he had considered Smith's mental limitations in determining Smith's RFC.  The significant errors identified by the Rice Court concerning the government's position are not present in this case.  See Cunningham v. Barnhart, 440 F.3d 862, 864 (7th Cir. 2006) (finding Golembiewski distinguishable because the "significant flaws" made by the ALJ in Golembiewski, such as mischaracterization of medical evidence, failure to consider significant evidence, and failure to include any discussion of credibility, were not present in the case).

THEREFORE, Plaintiff Smith's Petition for Fees and Other Expenses Pursuant to the EAJA (d/e 21) in this instance is DENIED.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: July 20, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE